FILED

MAY 1 6 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TURNER-DUNN HOMES, INC., and others,<br><br>          Debtors.<br><br>BCI BEBOUT CONCRETE, INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>TURNER-DUNN HOMES, INC., et al., and John Does 1-10,<br><br>          Defendants.<br><br>ROBERT P. ABELE, Chapter 11 Trustee,<br><br>          Third-Party Plaintiff,<br><br>vs.<br><br>SONORAN CONCRETE, LLC, an Arizona limited liability company; GALE CONTRACTOR SERVICES, a Florida corporation; CHAS ROBERTS AIR CONDITIONING, INC., an Arizona corporation; DEL MARTENSON DEVELOPMENT CORP., an Arizona corporation; TRUSSWAY, INC. WEST, an Arizona corporation; TRIPLE S FENCE CO., an Arizona corporation; RIGGS PLUMBING, LLC, an Arizona limited liability company; ALLIANCE LUMBER, LLC, an Arizona limited liability company; KAY CONSTRUCTION, INC., an Arizona corporation, PEAK CONSTRUCTION, INC., an Arizona corporation; DIVERSIFIED ROOFING CORP., an Arizona corporation; INTEGRATED STUCCO, INC., an Arizona corporation; MITCHELL ELECTRIC CO., INC., an Arizona corporation; A COMPANY PORTABLE RESTROOMS INC., an | Chapter 11<br><br>Case No. 4-06-bk-00961-JMM<br><br>(Jointly Administered With Case Nos.: 4-06-bk-00962-JMM; 4-06-bk-00963-JMM; 4-06-bk-00964-JMM; 4-06-bk-00965-JMM)<br><br>Adversary No. 4-06-ap-00106-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**SUMMARY JUDGMENT (PARTIAL)**<br><br>**INVOLVING LIEN CLAIMANT**<br><br>**CHAS ROBERTS AIR CONDITIONING** |

| | |
|---|---|
| 1 | Idaho corporation; JORDAN COMPANY; PACIFIC ) |
| | POOLS AND SPAS, LLC, an Arizona limited ) |
| 2 | liability company; MARICOPA MEADOWS ) |
| | HOMEOWNERS ASSOCIATION, an Arizona ) |
| 3 | corporation; SANDVICK EQUIPMENT & SUPPLY ) |
| | CO.; ESCO ELECTRIC WHOLESALE, INC.; RDC ) |
| 4 | CONSTRUCTION, INC., an Arizona corporation; ) |
| | DAYSPRING DEVELOPMENT, INC., an Arizona ) |
| 5 | corporation; OUTDOOR ENVIRONMENTAL ) |
| | SYSTEMS, INC aka OES, INC. dba RAINDANCE ) |
| 6 | SYSTEMS, an Arizona corporation; OHIO ) |
| | SAVINGS BANK, a federal savings bank; WRI ) |
| 7 | INVESTMENTS III, LLC, a Washington limited ) |
| | liability company; ANY UNKNOWN PARTIES IN ) |
| 8 | POSSESSION; UNKNOWN HEIRS AND ) |
| | DEVISEES OF ANY OF THE FOREGOING WHO ) |
| 9 | ARE DECEASED; and ABC ENTITIES 1-100, ) |
| | ) |
| 10 | _____Third- Party Defendants_____ ) |

## INTRODUCTION - PROCEDURE AND METHODOLOGY

The Trustee has filed motions for partial summary judgment against numerous mechanics' and materialmens' lien claimants, challenging on "statutorily deficient" or "facially inadequate" grounds, the preliminary or final recorded lien documents of such lien claimants. In some cases, the lien claimants have also filed for partial summary judgment on the same issues.

For administrative convenience, the court has dealt with each lien claimant separately, although many of the same legal issues may affect other lien claimants as well. For that reason, many of the court's discussions and analyses may be repeated in whole or in part in its various decisions. Separating the decisions, as to each lien claimant, will enable both the court and each affected party to focus on particularized issues or fact differences, and will also facilitate appellate review.

When discussing the motions for summary judgment, the court will consider the points made against the particular lien claimant, and will include the totality of challenges to the lien, whether made by the Trustee, Ohio Savings Bank ("OSB"), or WRI Investments III, LLC ("WRI"), alone or in combination with one another.

In the end, the court will have addressed all challenges to the liens presented by the motions, and will rule on each legal point. In some instances, factual issues which were unforeseen at the outset may present themselves, and if so, the court will indicate which issues are to be deferred for future hearings.

With one eye open to the appellate process, the court does not intend to combine any ruling with Rule 54(b) language, because, if further proceedings become necessary, the matter may not be ripe for final review until it is finally determined. This will save counsel and any reviewing court the expense and time in taking and deciding interlocutory appeals.

Another tool which the court will use is the attachment of an appendix to each decision, which will include each lien claimant's challenged lien documents. In this way, the parties, this court, and any reviewing court will have ready access to the operative documents involving each creditor. The appendix will also include the applicable Arizona statutes.

In some instances, a mechanic's lien claimant may have responded to the Trustee's motion and countered with its own summary judgment motion or partial summary judgment motion. When this procedure has occurred, the court will also rule on those issues unless the ruling is subsumed within the main decision.

To the extent that this decision requires refinement or further clarification, the court asks that the parties first convene a status hearing with the court prior to filing further pleadings on the decided issues. In that way, all parties can arrive at a unified method to further process the issues.

The court also understands that in many instances, the parties have not attached all or each of their claimed liens or notices. This is because all or each are essentially identical and a ruling on a particular legal issue is applicable across the board. Thus, the parties have selected samples for the court's review.

As noted from the bench, the court appreciates the excellent quality of the work product and arguments presented by all attorneys in this case. As all parties can appreciate, the issues presented were not simple ones, and the issues are important to the ultimate outcome of this case. For their efforts, the court thanks counsel in clearly focusing the issues.

## WHOM THIS DECISION AFFECTS

This decision involves the allegations made against Chas Roberts Air Conditioning, Inc. ("Chas Roberts") by OSB only.

## ARIZONA LAW

In a bankruptcy case, property rights are determined by reference to state law. *Butner v. United States*, 440 U.S. 48 (1979). Bankruptcy courts have "core" jurisdiction to hear and determine issues involving the extent, validity, and priority of liens against an estate. 28 U.S.C. § 157(b)(2)(K).

Mechanics' and materialmen's liens are creatures of statute ARIZ. REV. STAT. § 33-981, *et seq*. Such statutes have existed in Arizona since statehood. *See, e.g. Arizona Eastern R.R. Co. v. Globe Hardware Co.*, 14 Ariz. 397, 400, 129 P. 1104, 1105 (1913) ("The primary object of our lien law is to insure to the laborer and materialman the payment of their accounts, and incidentally to protect the owner against the filing of liens by such persons against his property for services and material rendered and furnished the original contract."); *see also* CIVIL CODE 1913, § 3639. They exist principally to protect mechanics, materialmen, and those who furnish labor or supplies to another's land, thereby enhancing its value, from the dangers of non-payment. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, 484, 4 P.3d 1022, 1027 (App. 2000); *Hayward Lumber & Inv. Co. v. Graham*, 104 Ariz. 103, 111, 449 P.2d 31, 39 (1968). These rights are "jealously protected," *Wylie v. Douglas Lumber Co.*, 39 Ariz. 511, 515, 8 P.2d 256, 258 (1932), and when construing them the statutes must be liberally construed to effect their primary purpose. *See In re JWJ Contracting Co.*, 287 B.R. 501, 509-10 (9th Cir. BAP 2002) (construing Arizona's statutes), *aff'd.* 371 F.3d 1079 (9th Cir. 2004); *Ranch House Supply Corp. v. Van Slyke*, 91 Ariz. 177, 181, 370 P.2d 661, 664 (1962). While the statutes themselves appear, on the surface, to contain requirements which can be easily followed, the Arizona courts have held that substantial compliance with the statutes is sufficient to perfect a lien, provided that such compliance is not inconsistent with the legislative purpose. *See, e.g., Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 431, 561 P.2d 740, 755 (App. 1977); *Columbia Group, Inc. v. Jackson*, 151 Ariz. 76, 79, 725 P.2d 1110, 1113 (1986); *MLM Constr. Co. v.*

*Pace Corp.*, 172 Ariz. 226, 229, 386 P.2d 439, 442 (App. 1992); *Peterman-Donnelly Eng'rs & Contractors Corp. v. First Nat'l Bank,* 2 Ariz. App. 321, 323, 408 P.2d 841, 843 (1965). While Arizona courts will, from time to time, describe the lien perfection process as one to be strictly followed, *see MLM Constr. Co.,* 172 Ariz. at 229, 836 P.2d at 442 (citing cases), the law's modern evolution has inevitably trended toward the substantial compliance model.

In addition to the protection of mechanics and materialmen, a secondary purpose of the law is to protect the property owner. *See, e.g., Arizona Gunite Builders, Inc. v. Continental Cas. Co.,* 105 Ariz. 99, 101, 459 P.2d 724, 726 (1969). The proper notification and recordation of a mechanic's lien serves to keep invalid or improper clouds on title from impairing an owner's rights to enjoy the benefits of ownership.

As for the specific procedure necessary for a lien claimant to perfect a lien, it must, within 20 days of first furnishing labor, professional services, materials, machinery, fixtures, or tools to the job site, prepare what is designated as a "preliminary twenty day notice" (hereinafter "preliminary 20-day notice") and serve it. ARIZ. REV. STAT. § 33-992.01. This statute was initially enacted in 1979, and has been amended five times since. Once the job is completed, the lien must be recorded within a specific period of time thereafter. ARIZ. REV. STAT. § 33-993.

Within each of these two statutes are contained numerous detailed requirements, some of which are at issue in the instant case. A copy of each of these statutes is included in the appendix to be filed.

Appx. 1    Challenged lien documents

Appx. 2    Statutes:

- Lien for labor, services, materials, etc., ARIZ. REV. STAT. § 33-981.
- Preliminary twenty day notice, ARIZ. REV. STAT. § 33-992.01
- Procedure to perfect lien, ARIZ. REV. STAT. § 33-993

## CHALLENGES TO CHAS ROBERTS'S LIEN

The challenges to Chas Roberts's lien fall into several categories:

A. Preliminary 20-day notices failed to comply with font size requirements of ARIZ. REV. STAT. § 33-992.01(D); and

B. Liens do not contain all material terms of the contracts.

Each will be discussed in turn.

### OSB'S Standing

The court has concerns about OSB's legal standing to challenge a mechanic's and materialmen's lien. It does not appear, from the record before the court, that OSB's lien position is in jeopardy.

First, OSB has been or likely will be paid its entire debt as a secured creditor. Ample funds remain in the Trustee's account to accomplish this. 11 U.S.C. § 506. Therefore, OSB has no pecuniary interest in these lien claim issues. *See, e.g., Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983). It should therefore not be incurring unnecessary fees and costs at the expense of others.

Second, OSB has no litigation outstanding by which any party has yet formally challenged its lien, with the exception of the discrete parcel of land upon which RDC contends that it holds a senior lien claim. The liens at issue here are not part of that development. OSB has been paid over $24 million on its lien claims.

That said, the court will now address the legal arguments made by OSB, which seek partial summary judgment on selected issues.

## A. Font Size

OSB maintains that Chas Roberts's preliminary 20-day notice form failed to conform to the statutory requirement that certain required warning language "be in type at least as large as the largest type otherwise on the document." ARIZ. REV. STAT. § 33-992.01(D).

An unaided view of the preliminary 20-day notice in this case reveals actual compliance. In fact, it goes further by placing the warning in a box and by bolding-up the lettering. The font size is as large as the largest pre-printed type font on the form, except perhaps for the immaterial one-time only typewritten specifics and the document administrator's signature. These last two items are immaterial because the necessary standardized form is what matters, since a party has no control over the size of type which someone else elects to place on the document when filling in the blanks.

Accordingly, OSB's motion for summary judgment on this point will be denied.

## B. Liens Do Not Contain All Material Terms of the Contracts

ARIZ. REV. STAT. § 33-993(A)(3) requires that a recorded lien claim contain "a statement of the terms, time given and conditions of the contract, if it is oral, or a copy of the contract, if it is written."

OSB complains that Chas Roberts' notice is inadequate in that it states simply the amount due, $3,007.50 "for which demand has been made," that the improvements were described as "air conditioning and heating," and most particularly offensive to OSB are the words: "The labor, materials, machinery, fixtures or tools were furnished pursuant to an oral contract, the terms, time given and conditions are pursuant to an open thirty day account."

If Chas Roberts' agreement was to furnish air conditioning goods and services on an oral, open account basis, with payment due in 30 days, one must ask the objecting creditor--what else is there to know? A 30-day open account is a very straightforward contract, arguably preferable to many modern-day multi-page contracts filled with expansive rhetoric and legal definitions. *Cf., Peterman-Donnelly Eng'rs & Contractors Corp. v. First Nat'l Bank,* 2 Ariz. App. 321, 323-24, 408 P.2d 841, 843 (1966) (lien actually contained more pertinent information than standard form contract).

7

Moreover, OSB's pleading does not specifically detail what it is, exactly, that it cannot discern from Chas Roberts' lien claim, or what other "principal terms" are missing.

The lien claim notice states that the parties' contractual relationship was an oral one on an open account basis. One definition of an open account is:

> An account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.

BLACK'S LAW DICTIONARY, "account" (8th ed. 2004). Oral contracts, in Arizona, are enforceable so long as the time of performance does not exceed one year. ARIZ. REV. STAT. § 44-101(5).

Even Arizona's Uniform Commercial Code gives some guidance as to the specific usage of trade and course of dealing between parties, such as, by illustration only, ARIZ. REV. STAT. § 47-1205(c):

> A course of dealing between parties and any usage of trade in the vocation or trade in which they are engaged or which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement.

Ultimately, of course, this court has been asked to determine if the Chas Roberts' lien claim substantially complies with the expectations embraced in ARIZ. REV. STAT. § 33-993(A)(3). The court finds that it does.

Accordingly, OSB's motion for partial summary judgment on this issue will be denied.

## RULING

A separate order will be issued simultaneously with the issuance of this Memorandum Decision. FED. R. BANKR. P. 9021.

DATED: May 16 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

8

Case 4:06-ap-00106-JMM    Doc 233    Filed 05/16/07    Entered 05/16/07 13:58:45    Desc
Main Document    Page 8 of 8