FILED

MAY 1 6 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TURNER-DUNN HOMES, INC., and others,<br><br>                Debtors. | Chapter 11<br><br>Case No. 4-06-bk-00961-JMM<br><br>(Jointly Administered With Case Nos.:<br>4-06-bk-00962-JMM; 4-06-bk-00963-JMM;<br>4-06-bk-00964-JMM; 4-06-bk-00965-JMM) |
| BCI BEBOUT CONCRETE, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>TURNER-DUNN HOMES, INC., et al., and John Does 1-10,<br><br>                Defendants. | Adversary No. 4-06-ap-00106-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**SUMMARY JUDGMENT (PARTIAL)**<br><br>**INVOLVING LIEN CLAIMANT** |
| ROBERT P. ABELE, Chapter 11 Trustee,<br><br>                Third-Party Plaintiff,<br><br>vs.<br><br>SONORAN CONCRETE, LLC, an Arizona limited liability company; GALE CONTRACTOR SERVICES, a Florida corporation; CHAS ROBERTS AIR CONDITIONING, INC., an Arizona corporation; DEL MARTENSON DEVELOPMENT CORP., an Arizona corporation; TRUSSWAY, INC. WEST, an Arizona corporation; TRIPLE S FENCE CO., an Arizona corporation; RIGGS PLUMBING, LLC, an Arizona limited liability company; ALLIANCE LUMBER, LLC, an Arizona limited liability company; KAY CONSTRUCTION, INC., an Arizona corporation, PEAK CONSTRUCTION, INC., an Arizona corporation; DIVERSIFIED ROOFING CORP., an Arizona corporation; INTEGRATED STUCCO, INC., an Arizona corporation; MITCHELL ELECTRIC CO., INC., an Arizona corporation; A COMPANY PORTABLE RESTROOMS INC., an | **INTEGRATED<br>STUCCO, INC.** |

| | |
|---|---|
| 1 | Idaho corporation; JORDAN COMPANY; PACIFIC ) |
|   | POOLS AND SPAS, LLC, an Arizona limited ) |
| 2 | liability company; MARICOPA MEADOWS ) |
|   | HOMEOWNERS ASSOCIATION, an Arizona ) |
| 3 | corporation; SANDVICK EQUIPMENT & SUPPLY ) |
|   | CO.; ESCO ELECTRIC WHOLESALE, INC.; RDC ) |
| 4 | CONSTRUCTION, INC., an Arizona corporation; ) |
|   | DAYSPRING DEVELOPMENT, INC., an Arizona ) |
| 5 | corporation; OUTDOOR ENVIRONMENTAL ) |
|   | SYSTEMS, INC aka OES, INC. dba RAINDANCE ) |
| 6 | SYSTEMS, an Arizona corporation; OHIO ) |
|   | SAVINGS BANK, a federal savings bank; WRI ) |
| 7 | INVESTMENTS III, LLC, a Washington limited ) |
|   | liability company; ANY UNKNOWN PARTIES IN ) |
| 8 | POSSESSION; UNKNOWN HEIRS AND ) |
|   | DEVISEES OF ANY OF THE FOREGOING WHO ) |
| 9 | ARE DECEASED; and ABC ENTITIES 1-100, ) |

Third- Party Defendants

## INTRODUCTION - PROCEDURE AND METHODOLOGY

The Trustee has filed motions for partial summary judgment against numerous mechanics' and materialmens' lien claimants, challenging on "statutorily deficient" or "facially inadequate" grounds, the preliminary or final recorded lien documents of such lien claimants. In some cases, the lien claimants have also filed for partial summary judgment on the same issues.

For administrative convenience, the court has dealt with each lien claimant separately, although many of the same legal issues may affect other lien claimants as well. For that reason, many of the court's discussions and analyses may be repeated in whole or in part in its various decisions. Separating the decisions, as to each lien claimant, will enable both the court and each affected party to focus on particularized issues or fact differences, and will also facilitate appellate review.

When discussing the motions for summary judgment, the court will consider the points made against the particular lien claimant, and will include the totality of challenges to the lien, whether made by the Trustee, Ohio Savings Bank ("OSB"), or WRI Investments III, LLC ("WRI"), alone or in combination with one another.

In the end, the court will have addressed all challenges to the liens presented by the motions, and will rule on each legal point. In some instances, factual issues which were unforeseen at the outset may present themselves, and if so, the court will indicate which issues are to be deferred for future hearings.

With one eye open to the appellate process, the court does not intend to combine any ruling with Rule 54(b) language, because, if further proceedings become necessary, the matter may not be ripe for final review until it is finally determined. This will save counsel and any reviewing court the expense and time in taking and deciding interlocutory appeals.

Another tool which the court will use is the attachment of an appendix to each decision, which will include each lien claimant's challenged lien documents. In this way, the parties, this court, and any reviewing court will have ready access to the operative documents involving each creditor. The appendix will also include the applicable Arizona statutes.

In some instances, a mechanic's lien claimant may have responded to the Trustee's motion and countered with its own partial summary judgment motion. When this procedure has occurred, the court will also rule on those issues unless the ruling is subsumed within the main decision.

To the extent that this decision requires refinement or further clarification, the court asks that the parties first convene a status hearing with the court prior to filing further pleadings on the decided issues. In that way, all parties can arrive at a unified method to further process the issues.

The court also understands that in many instances, the parties have not attached all or each of their claimed liens or notices. This is because all or each are essentially identical and a ruling on a particular legal issue is applicable across the board. Thus, the parties have selected samples for the court's review.

As noted from the bench, the court appreciates the excellent quality of the work product and arguments presented by all attorneys in this case. As all parties can appreciate, the issues presented were not simple ones, and the issues are important to the ultimate outcome of this case. For their efforts, the court thanks counsel in clearly focusing the issues.

## WHOM THIS DECISION AFFECTS

This decision involves the allegations made against Integrated Stucco, Inc. ("Stucco"). The Trustee did not challenge Stucco's lien. Only OSB has done so.

## ARIZONA LAW

In a bankruptcy case, property rights are determined by reference to state law. *Butner v. United States*, 440 U.S. 48 (1979). Bankruptcy courts have "core" jurisdiction to hear and determine issues involving the extent, validity, and priority of liens against an estate. 28 U.S.C. § 157(b)(2)(K).

Mechanics' and materialmen's liens are creatures of statute ARIZ. REV. STAT. § 33-981, *et seq*. Such statutes have existed in Arizona since statehood. *See, e.g. Arizona Eastern R.R. Co. v. Globe Hardware Co.*, 14 Ariz. 397, 400, 129 P. 1104, 1105 (1913) ("The primary object of our lien law is to insure to the laborer and materialman the payment of their accounts, and incidentally to protect the owner against the filing of liens by such persons against his property for services and material rendered and furnished the original contract."); *see also* CIVIL CODE 1913, § 3639. They exist principally to protect mechanics, materialmen, and those who furnish labor or supplies to another's land, thereby enhancing its value, from the dangers of non-payment. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, 484, 4 P.3d 1022, 1027 (App. 2000); *Hayward Lumber & Inv. Co. v. Graham*, 104 Ariz. 103, 111, 449 P.2d 31, 39 (1968). These rights are "jealously protected," *Wylie v. Douglas Lumber Co.*, 39 Ariz. 511, 515, 8 P.2d 256, 258 (1932), and when construing them the statutes must be liberally construed to effect their primary purpose. *See In re JWJ Contracting Co.*, 287 B.R. 501, 509-10 (9th Cir. BAP 2002) (construing Arizona's statutes), *aff'd*. 371 F.3d 1079 (9th Cir. 2004); *Ranch House Supply Corp. v. Van Slyke*, 91 Ariz. 177, 181, 370 P.2d 661, 664 (1962). While the statutes themselves appear, on the surface, to contain requirements which can be easily followed, the Arizona courts have held that substantial compliance with the statutes is sufficient to perfect a lien, provided that such compliance is not inconsistent with the legislative purpose. *See, e.g., Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 431, 561 P.2d 740, 755 (App. 1977); *Columbia Group, Inc. v. Jackson*, 151 Ariz. 76, 79, 725 P.2d 1110, 1113 (1986); *MLM Constr. Co. v.*

*Pace Corp.*, 172 Ariz. 226, 229, 386 P.2d 439, 442 (App. 1992); *Peterman-Donnelly Eng'rs & Contractors Corp. v. First Nat'l Bank*, 2 Ariz. App. 321, 323, 408 P.2d 841, 843 (1965). While Arizona courts will, from time to time, describe the lien perfection process as one to be strictly followed, *see MLM Constr. Co.*, 172 Ariz. at 229, 836 P.2d at 442 (citing cases), the law's modern evolution has inevitably trended toward the substantial compliance model.

In addition to the protection of mechanics and materialmen, a secondary purpose of the law is the protection of the property owner. *See, e.g., Arizona Gunite Builders, Inc. v. Continental Cas. Co.*, 105 Ariz. 99, 101, 459 P.2d 724, 726 (1969). The proper notification and recordation of a mechanic's lien serves to keep invalid or improper clouds on title from impairing an owner's rights to enjoy the benefits of ownership.

As for the specific procedure necessary for a lien claimant to perfect a lien, it must, within 20 days of first furnishing labor, professional services, materials, machinery, fixtures, or tools to the job site, prepare what is designated as a "preliminary twenty day notice" (hereinafter "preliminary 20-day notice") and serve it. ARIZ. REV. STAT. § 33-992.01. This statute was initially enacted in 1979, and has been amended five times since. Once the job is completed, the lien must be recorded within a specific period of time thereafter. ARIZ. REV. STAT. § 33-993.

Within each of these two statutes are contained numerous detailed requirements, some of which are at issue in the instant case. A copy of each of these statutes is included in the appendix to be filed.

<u>Appx. 1</u>     Challenged lien documents

<u>Appx. 2</u>     Statutes:
- Lien for labor, services, materials, etc., ARIZ. REV. STAT. § 33-981.
- Preliminary twenty day notice, ARIZ. REV. STAT. § 33-992.01
- Procedure to perfect lien, ARIZ. REV. STAT. § 33-993

# CHALLENGES TO STUCCO'S LIEN

The current challenge to Stucco's lien falls into one category:

- Preliminary 20-day notices failed to comply with font size requirements of ARIZ. REV. STAT. § 33-992.01(D).

Only OSB has challenged it. The discussion follows.

## OSB'S Standing

OSB's pecuniary standing to challenge Stucco's lien is precarious, or non-existent.

First, OSB has been or likely will be paid its entire debt as a secured creditor. Ample funds remain in the Trustee's account to accomplish this. 11 U.S.C. § 506. Therefore, OSB has no pecuniary interest in these lien claim issues. *See, e.g., In re Fondiller*, 707 F.2d 441, 445 (9th Cir. 1983). It should therefore not be incurring unnecessary fees and costs at the expense of others.

Second, OSB has no litigation outstanding by which any party has yet formally challenged its lien, with the exception of the discrete parcel of land upon which RDC contends that it holds a senior lien claim.

## Font Size

OSB maintains that Stucco's preliminary 20-day notice failed to conform to the statutory requirement that certain required warning language "be in type at least as large as the largest type otherwise on the document." ARIZ. REV. STAT. § 33-992.01(D).

An unaided view of the preliminary 20-day notice in this case reveals actual compliance. In fact, it goes further by placing the warning in a box and by bolding-up the lettering. The font size is as large as the largest pre-printed type font on the form. This constitutes substantial compliance with the statute.

Accordingly, OSB's motion for summary judgment on this point will be denied.

6

Case 4:06-ap-00106-JMM    Doc 237    Filed 05/16/07    Entered 05/16/07 14:08:04    Desc
Main Document    Page 6 of 7

## **RULING**

A separate order will be issued simultaneously with the issuance of this Memorandum Decision. FED. R. BANKR. P. 9021.

DATED: May 16 2007.

/s/ James M. Marlar
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE