FILED

MAY 1 6 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TURNER-DUNN HOMES, INC., and others,<br><br>                       Debtors.<br><br>BCI BEBOUT CONCRETE, INC.,<br><br>                       Plaintiff,<br><br>vs.<br><br>TURNER-DUNN HOMES, INC., et al., and John Does 1-10,<br><br>                       Defendants.<br><br>ROBERT P. ABELE, Chapter 11 Trustee,<br><br>                       Third-Party Plaintiff,<br><br>vs.<br><br>SONORAN CONCRETE, LLC, an Arizona limited liability company; GALE CONTRACTOR SERVICES, a Florida corporation; CHAS ROBERTS AIR CONDITIONING, INC., an Arizona corporation; DEL MARTENSON DEVELOPMENT CORP., an Arizona corporation; TRUSSWAY, INC. WEST, an Arizona corporation; TRIPLE S FENCE CO., an Arizona corporation; RIGGS PLUMBING, LLC, an Arizona limited liability company; ALLIANCE LUMBER, LLC, an Arizona limited liability company; KAY CONSTRUCTION, INC., an Arizona corporation, PEAK CONSTRUCTION, INC., an Arizona corporation; DIVERSIFIED ROOFING CORP., an Arizona corporation; INTEGRATED STUCCO, INC., an Arizona corporation; MITCHELL ELECTRIC CO., INC., an Arizona corporation; A COMPANY PORTABLE RESTROOMS INC., an | Chapter 11<br><br>Case No. 4-06-bk-00961-JMM<br><br>(Jointly Administered With Case Nos.: 4-06-bk-00962-JMM; 4-06-bk-00963-JMM; 4-06-bk-00964-JMM; 4-06-bk-00965-JMM)<br><br>Adversary No. 4-06-ap-00106-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**SUMMARY JUDGMENT (PARTIAL)**<br><br>**INVOLVING LIEN CLAIMANT**<br><br>        **JORDAN COMPANY** |

| | |
|---|---|
| 1  Idaho corporation; JORDAN COMPANY; PACIFIC | ) |
|    POOLS AND SPAS, LLC, an Arizona limited | ) |
| 2  liability company; MARICOPA MEADOWS | ) |
|    HOMEOWNERS ASSOCIATION, an Arizona | ) |
| 3  corporation; SANDVICK EQUIPMENT & SUPPLY | ) |
|    CO.; ESCO ELECTRIC WHOLESALE, INC.; RDC | ) |
| 4  CONSTRUCTION, INC., an Arizona corporation; | ) |
|    DAYSPRING DEVELOPMENT, INC., an Arizona | ) |
| 5  corporation; OUTDOOR ENVIRONMENTAL | ) |
|    SYSTEMS, INC aka OES, INC. dba RAINDANCE | ) |
| 6  SYSTEMS, an Arizona corporation; OHIO | ) |
|    SAVINGS BANK, a federal savings bank; WRI | ) |
| 7  INVESTMENTS III, LLC, a Washington limited | ) |
|    liability company; ANY UNKNOWN PARTIES IN | ) |
| 8  POSSESSION; UNKNOWN HEIRS AND | ) |
|    DEVISEES OF ANY OF THE FOREGOING WHO | ) |
| 9  ARE DECEASED; and ABC ENTITIES 1-100, | ) |
|    | ) |
| 10             Third- Party Defendants | ) |

## INTRODUCTION - PROCEDURE AND METHODOLOGY

The Trustee has filed motions for partial summary judgment against numerous mechanics' and materialmens' lien claimants, challenging on "statutorily deficient" or "facially inadequate" grounds, the preliminary or final recorded lien documents of such lien claimants. In some cases, the lien claimants have also filed for partial summary judgment on the same issues.

For administrative convenience, the court has dealt with each lien claimant separately, although many of the same legal issues may affect other lien claimants as well. For that reason, many of the court's discussions and analyses may be repeated in whole or in part in its various decisions. Separating the decisions, as to each lien claimant, will enable both the court and each affected party to focus on particularized issues or fact differences, and will also facilitate appellate review.

When discussing the motions for summary judgment, the court will consider the points made against the particular lien claimant, and will include the totality of challenges to the lien, whether made by the Trustee, Ohio Savings Bank ("OSB"), or WRI Investments III, LLC ("WRI"), alone or in combination with one another.

In the end, the court will have addressed all challenges to the liens presented by the motions, and will rule on each legal point. In some instances, factual issues which were unforeseen at the outset may present themselves, and if so, the court will indicate which issues are to be deferred for future hearings.

With one eye open to the appellate process, the court does not intend to combine any ruling with Rule 54(b) language, because, if further proceedings become necessary, the matter may not be ripe for final review until it is finally determined. This will save counsel and any reviewing court the expense and time in taking and deciding interlocutory appeals.

Another tool which the court will use is a appendix to each decision, which will include each lien claimant's challenged lien documents. Due to size, each appendix will be separately filed within a few days subsequent to issuance of each decision. In this way, the parties, this court, and any reviewing court will having ready access to the operative documents involving each creditor. The appendix will also include the applicable Arizona statutes.

In some instances, a mechanic's lien claimant may have responded to the Trustee's motion and countered with its own summary judgment motion or partial summary judgment motion. When this procedure has occurred, the court will also rule on those issues unless the ruling is subsumed within the main decision.

To the extent that this decision requires refinement or further clarification, the court asks that the parties first convene a status hearing with the court prior to filing further pleadings on the decided issues. In that way, all parties can arrive at a unified method to further process the issues.

The court also understands that in many instances, the parties have not attached all or each of their claimed liens or notices. This is because all or each are essentially identical and a ruling on a particular legal issue is applicable across the board. Thus, the parties have selected samples for the court's review.

As noted from the bench, the court appreciates the excellent quality of the work product and arguments presented by all attorneys in this case. As all parties can appreciate, the issues presented were not simple ones, and the issues are important to the ultimate outcome of this case. For their efforts, the court thanks counsel in clearly focusing the issues.

## WHOM THIS DECISION AFFECTS

This decision involves the allegations made against Jordan Company.

## ARIZONA LAW

In a bankruptcy case, property rights are determined by reference to state law. *Butner v. United States*, 440 U.S. 48 (1979). Bankruptcy courts have "core" jurisdiction to hear and determine issues involving the extent, validity, and priority of liens against an estate. 28 U.S.C. § 157(b)(2)(K).

Mechanics' and materialmen's liens are creatures of statute ARIZ. REV. STAT. § 33-981, *et seq*. Such statutes have existed in Arizona since statehood. *See, e.g. Arizona Eastern R.R. Co. v. Globe Hardware Co.*, 14 Ariz. 397, 400, 129 P. 1104, 1105 (1913) ("The primary object of our lien law is to insure to the laborer and materialman the payment of their accounts, and incidentally to protect the owner against the filing of liens by such persons against his property for services and material rendered and furnished the original contract."); *see also* CIVIL CODE 1913, § 3639. They exist principally to protect mechanics, materialmen, and those who furnish labor or supplies to another's land, thereby enhancing its value, from the dangers of non-payment. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, 484, 4 P.3d 1022, 1027 (App. 2000); *Hayward Lumber & Inv. Co. v. Graham*, 104 Ariz. 103, 111, 449 P.2d 31, 39 (1968). These rights are "jealously protected," *Wylie v. Douglas Lumber Co.*, 39 Ariz. 511, 515, 8 P.2d 256, 258 (1932), and when construing them the statutes must be liberally construed to effect their primary purpose. *See In re JWJ Contracting Co.*, 287 B.R. 501, 509-10 (9th Cir. BAP 2002) (construing Arizona's statutes), *aff'd*. 371 F.3d 1079 (9th Cir. 2004); *Ranch House Supply Corp. v. Van Slyke*, 91 Ariz. 177, 181, 370 P.2d 661, 664 (1962). While the statutes themselves appear, on the surface, to contain requirements which can be easily followed, the Arizona courts have held that substantial compliance with the statutes is sufficient to perfect a lien, provided that such compliance is not inconsistent with the legislative purpose. *See, e.g., Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 431, 561 P.2d 740, 755 (App. 1977); *Columbia Group, Inc. v. Jackson*, 151 Ariz. 76, 79, 725 P.2d 1110, 1113 (1986); *MLM Constr. Co. v. Pace Corp.*, 172 Ariz. 226, 229, 386 P.2d 439, 442 (App. 1992); *Peterman-Donnelly Eng'rs & Contractors*

4

*Corp. v. First Nat'l Bank*, 2 Ariz. App. 321, 323, 408 P.2d 841, 843 (1965). While Arizona courts will, from time to time, describe the lien perfection process as one to be strictly followed, *see MLM Constr. Co.*, 172 Ariz. at 229, 836 P.2d at 442 (citing cases), the law's modern evolution has inevitably trended toward the substantial compliance model.

In addition to the protection of mechanics and materialmen, a secondary purpose of the law is to protect the property owner. *See, e.g., Arizona Gunite Builders, Inc. v. Continental Cas. Co.*, 105 Ariz. 99, 101, 459 P.2d 724, 726 (1969). The proper notification and recordation of a mechanic's lien serves to keep invalid or improper clouds on title from impairing an owner's rights to enjoy the benefits of ownership.

As for the specific procedure necessary for a lien claimant to perfect a lien, it must, within 20 days of first furnishing labor, professional services, materials, machinery, fixtures, or tools to the job site, prepare what is designated as a "preliminary twenty day notice" (hereinafter "preliminary 20-day notice") and serve it. ARIZ. REV. STAT. § 33-992.01. This statute was initially enacted in 1979, and has been amended five times since. Once the job is completed, the lien must be recorded within a specific period of time thereafter. ARIZ. REV. STAT. § 33-993.

Within each of these two statutes are contained numerous detailed requirements, some of which are at issue in the instant case. A copy of each of these statutes is included in the appendix to be filed.

<u>Appx. 1</u>   Challenged lien documents

<u>Appx. 2</u>   Statutes:

- Description of trust property, ARIZ. REV. STAT. § 33-802.
- Lien for labor services, materials, etc., ARIZ. REV. STAT. § 33-981.
- Priority status, ARIZ. REV. STAT. § 33-992.
- Preliminary twenty day notice, ARIZ. REV. STAT. § 33-992.01
- Proof of mailing, ARIZ. REV. STAT. § 33-992.02
- Procedure to perfect lien, ARIZ. REV. STAT. § 33-993

5

# CHALLENGES TO JORDAN COMPANY'S LIEN

The current challenges to Jordan Company's lien fall into several categories:

A. Failure to provide legal description in the preliminary 20-day notice or lien itself;

B. Failure to attach contract;

C. Lien not notarized or signed under oath;

D. No affidavit of service of the preliminary 20-day notice;

E. Preliminary 20-day notices failed to comply with font size requirements of ARIZ. REV. STAT. § 33-992.01(D);

Each will be discussed in turn.

## A. Failure to Provide Legal Description

The Trustee (this term includes the challenges also made by OSB and WRI) has stated that Jordan Company's mechanic's lien and preliminary 20-day notice failed to provide a proper legal description. In each, the properties to which Jordan Company furnished labor or materials is referred to as:

Preliminary Notice: Pinal County, Arizona, described as follows: Lots 26-33, 41, 46-66, 87-97, 103, 108, 111 & 113, Casa Grande I

Mechanic's Lien: State of Arizona, City of Casa Grande, County of Pinal, McCartney Center AA, Lot 97, 1769 E. Desert Breeze Place.

Moreover, the preliminary 20-day notice was attached to the mechanic's lien. (See Ex. 6.)

The Trustee's challenge merely states, as a conclusion of law or perhaps a statement of fact, that the liens failed to attach proper legal descriptions. However, the Trustee does not indicate the manner in which the lien's description is misleading, other than noting that the description of the liened property is inconsistent with the actual, "true" legal description. (Trustee's SOF para. F.)

6

OSB challenges Jordan Company's lien as it concerns the following properties:

| | |
|---|---|
| Preliminary Notice: | Pinal County, Arizona, described as follows: Maricopa Meadows Lot 1, 3, 5, 30, 33, 47, 49, 54, 62, 65, 70, 74, 75, 92 & 96 |
| Mechanic's Lien: | City of Maricopa, County of Pinal, State of Arizona, Maricopa Meadows 7, Lot 1, 45810 W. Rainbow Drive. |

However, neither does OSB's motion contain a reference point for the court to measure the sufficiency of Jordan Company's lien.

The purpose of the statute's requirement for a "legal description," ARIZ. REV. STAT. § 33-993(A)(1) is for the owner of the affected property to know which parcel(s) are impacted by the claim of lien. This information can be conveyed in a variety of non-exclusive ways. *See, e.g., S.K. Drywall, Inc. v. Developers Fin. Group, Inc.*, 165 Ariz. 588, 595-96, 799 P.2d 1362, 1368-69 (App. 1990) *vacated in part on other grounds*, 169 Ariz. 345, 819 P.2d 931 (1991); ARIZ. REV. STAT. § 33-802. Unfortunately, for purposes of summary judgment, there is no affidavit from any party which states that the location of the liened property <u>cannot</u> be found by reference to the descriptions contained in Jordan Company's lien notices, nor of the degree of difficulty, if any, in matching up the given descriptive choices to the affected parcel(s). This issue requires more factual exploration and evidence. If notice is the key, the issue becomes whether the descriptions given match up to the affected parcel. The title company obviously found the claimed lien. Is this adequate?

Therefore, neither side is entitled to summary judgment on this issue, and it remains for trial.

### B. **Failure to Attach Contract**

ARIZ. REV. STAT. § 33-993(A)(3) requires that, in order to perfect a lien, the notice and claim of lien "shall contain . . . [a] statement of the terms, time given and conditions of the contract, if it is oral, or a copy of the contract, if it is written."

In this case, Jordan Company attached a copy of its purchase order for window screens for $319.75. It was dated February 6, 2006, and referred to completion "according to the terms and conditions

7

stated in our contract." (Ex. 6.) The contract itself (Appx. 3); (L) is a standard contract prepared by the Debtors, and it contains no specific details as to the work to be done except "Aluminum Windows and Doors." There is no total price, no unit price, no dates of performance, nor other specifics as to the work to be performed by Jordan Company. In short, the purchase order attached to the Mechanic's Lien is complete enough to satisfy the statute's requirement, and it certainly gives more information than the boilerplate standard form contract. *See Peterman-Donnelly Eng'rs v. First Nat. Bank*, 2 Ariz. App. 321, 323-24, 408 P.2d 841, 843-44 (1966). The purchase order substantially complies with the statute's purpose.

Therefore, the Trustee's motion on this issue will be denied, and Jordan Company's motion will be granted.

### C. Lien Not Notarized or Signed under Oath

ARIZ. REV. STAT. § 33-993(A) requires that a notice and claim of lien "shall be made under oath . . . ." Both the Trustee and OSB contend that Jordan Company's lien was not made "under oath." By this they mean that the document was not signed before a notary public, who is authorized to administer oaths. *See, generally,* ARIZ. REV. STAT. § 41-311, *et seq.* Why this is important to the Trustee and OSB is not clearly articulated. Do these parties question the accuracy of the information contained in the lien, the authority of the signer of the document, whether the penalty of perjury applies, or whether the person signing the document is, in fact, the same person or an imposter? Neither objecting party has provided any thoughtful analysis of this statutory requirement, and therefore this court must address the drafters' intent.

ARIZONA CONST. art. 2, § 7 states:

> The mode of administering an oath, or affirmation, shall be such as shall be most consistent with and binding upon the conscience of the person to whom such oath, or affirmation, may be administered.

8

The Arizona Revised Statutes also include definitions which are to be used "in the statutes and laws of the state, unless the context otherwise requires: . . . ." One of those definitions is that of an "oath:"

> "Oath" includes affirmation or declaration.

ARIZ. REV. STAT. § 1-215(27).

In the notary statutes, an "oath" or "affirmation" means a notarial act in which a person made "a vow" in the presence of a notary under penalty of perjury, "with reference made to a supreme being in the case of an oath." ARIZ. REV. STAT. § 41-311(10). Thus, even the notary statutes allow for alternative forms of "oaths," each binding upon the oath-taker, subject to being "consistent with and binding upon the conscience . . . ."

Thus, the court must consider the legislative intent of the challenged statute. Did the legislature mean that ARIZ. REV. STAT. § 33-993(A) requires that only a person with a belief in a supreme being is authorized to execute a mechanic's lien?

This court cannot conclude that belief in a supreme being is an absolute requirement of the mechanic's lien "oath" detail in order to accomplish the statute's purpose. Indeed, imposition of such a requirement would not withstand constitutional challenge. U.S. CONST. amend I; ARIZ. CONST. art. 2, § 12. The state constitution provides in part:

> No religious qualification shall be required for any public office or employment, nor shall any person be incompetent as a witness or juror in consequence of his opinion on matters of religion, nor be questioned touching his religious belief in any court of justice to affect the weight of his testimony.

ARIZ. CONST. art. 2, § 12. Nor is the Trustee's proffered reason, if any, consistent with another Arizona statute, ARIZ. REV. STAT. § 1-211(B):

> Statutes shall be liberally construed to effect their objects and to promote justice.

Case 4:06-ap-00106-JMM    Doc 248    Filed 05/16/07    Entered 05/16/07 14:47:49    Desc
Main Document    Page 9 of 13

If the purpose for the challenge on the "oath" ground is that there was no notarial jurat sufficient to prove the identify of the signer, or to complain that the signer was someone other than who he claimed to be, the objecting parties have not so indicated. Thus, the court has no contrary evidence to challenge Mr. Mike Nestor's identity, nor to dispute that he signed the mechanic's lien under penalty of perjury. Indeed, the purpose of the statute is only to ensure that accurate and truthful statements be made. No one has challenged Jordan Company's documents on any such substantive grounds.

This, then, brings the inquiry to ARIZ. R. CIV. P. 80(i) which authorizes a person, by an unsworn written declaration, to verify items under penalty of perjury. *See, also*, ARIZ. R. CIV. P. 43(b) (witness' affirmation in lieu of oath is acceptable).

Courts will always follow the language of the statute, "if it is plain and unambiguous and the clear meaning does not lead to an absurdity." *U.S.F. & G. Co. v. Michigan Bank*, 27 Ariz. App. 478, 479, 556 P.2d 326, 327 (App. 1976).

Taking these rules, statutes, cases, and the state and federal constitutions as a whole, and construing the mechanics' and materialmen's statutes liberally, the court finds and holds that Mike Nestor's statement, "I declare under penalty of perjury that the foregoing is true and correct," is a proper and solemn statement "under oath" as required by ARIZ. REV. STAT. § 33-993(A). Obviously, the intent of the statute is to prevent false claims. Potential perjury charges tend to keep people honest.

On this issue, then, the Trustee's and OSB's motion for summary judgment will be denied, and Jordan Company's motion for partial summary judgment will be granted.

### D. Affidavit of Service of the Preliminary 20-Day Notice

The Trustee maintains that neither the mechanic's lien nor the preliminary 20-day notice contained an "affidavit" of service of the preliminary 20-day notice. But the statute must be looked at in a way which is designed to make legal and practical sense. In this court's view, this is the way that the preliminary 20-day notice is supposed to work, and what Jordan Company did to comply:

| Statute | What | How | Did Jordan Perform | Comment |
|---|---|---|---|---|
| 33-992.01(F) | Mail Notice | First class, registered, or certified | Yes. First class. | This information is noted on the 20-day notice. |
| 33-992.02(2) | If person to whom mailed fails to sign and acknowledge within 30 days, proof of mailing may be made by affidavit of the person making the mailing | By affidavit | Yes. The lien is executed under penalty of perjury, and the 20-day notice is attached to it. | The statute contains no time limit on <u>when</u> the affidavit as to mailing must be prepared. If receipt is not challenged, as it has not been here, there is <u>no reason</u> to <u>prove</u> the document was mailed. |

The Trustee's position is hyper-technical to the point of absurdity. If the Trustee is correct, a lien claimant must, at its peril, if the preliminary 20-day notice is left unacknowledged for 30 days, <u>always</u> execute an affidavit of mailing to <u>prove</u> mailing, even if no one challenges receipt. This "requirement" would not serve the statute's purpose, which is to give the owner actual notice of a claim of lien against its property. The purpose of this statute is not to impose a requirement designed to impale a lien claim on a meaningless technicality. The contrary dicta in *MLM Constr. Co.*, 172 Ariz. at 232, 836 P.2d at 445 is not persuasive. In that case, Judge Voss, speaking for the panel, actually decided the case on a separate legal issue. Finally, at the very end of the opinion, and without any analysis other than a citation to the statute, found non-compliance regarding service. This court does not accept this dicta as binding Arizona law. In fact, Judge Voss acknowledged the point to be dicta, when in commenting on the issue, noted: "Although <u>we need not do so</u> we also address Pace's alternate contention . . . ." *MLM* at 445 (emphasis supplied). Judicial dicta is defined as that part of an opinion that is not essential to the decision. BLACK'S LAW DICTIONARY "dictum" (8th ed. 2004). Judge Voss was an excellent appellate judge, for whom this court has the highest regard. But the dicta in *MLM* was not an example of his best work. From the opinion, the lack of analysis was unimpressive. And since the point was made in dicta only, this court need not consider it.

Nonetheless, the preliminary 20-day notice itself contains a certificate of mailing. To date, neither the Trustee (standing the shoes of the Debtors) nor OSB (which has destroyed, lost, or has no records to support either receipt or non-receipt), has claimed that they failed to receive notice.

11

The statutory section at issue is ARIZ. REV. STAT. § 33-992.02. Its statutory <u>purpose</u> is to establish a method by which a lienholder must eventually <u>prove</u> that it mailed the preliminary 20-day notice, <u>if challenged</u> on whether service was effected. It does <u>not require</u> that an "affidavit" <u>ever</u> have to be executed, nor does the statute impose a time requirement on the lien claimant. It is left open-ended for only one, obvious reason: <u>proof</u> is necessary to <u>disprove</u> a contrary contention. If service is not challenged, that ground for objection is waived. If a lienholder's initial noticing is challenged, the statute simply provides for a method to prove how service and notice was given, and to establish a rebuttable presumption that service was accomplished. If service is never challenged, then no affidavit ever becomes necessary.

In the instant case, neither the Trustee nor OSB are asserting lack of service, by mail, in the first instance. Therefore, ARIZ. REV. STAT. § 33-992.02 has never been called into play. Thus, service of the preliminary 20-day notice was accomplished.

As a result, the Trustee's and OSB's motions for summary judgment on this issue will be denied. By the same reasoning, Jordan Company's motion for summary judgment on this issue will be granted.

### E. **Font Size**

OSB maintains that Jordan Company's preliminary 20-day notice failed to conform to the statutory requirement that certain required warning language "be in type at least as large as the largest type otherwise on the document." ARIZ. REV. STAT. § 33-992.01(D).

An unaided view of the preliminary 20-day notice in this case reveals actual compliance. In fact, it goes further by placing the warning in a box and by bolding-up the lettering. The font size is as large as the largest pre-printed type font on the form. This constitutes substantial compliance with the statute.

Accordingly, OSB's motion for summary judgment on this point will be denied, and Jordan Company's motion for summary judgment on the same issue will be granted.

12

## RULING

A separate order will be issued simultaneously with the issuance of this Memorandum Decision. FED. R. BANKR. P. 9021.

DATED this 16 day of May, 2007.

*[signature]*
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE