FILED

MAY 17 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TURNER-DUNN HOMES, INC., and others,<br><br>                Debtors.<br><br>BCI BEBOUT CONCRETE, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>TURNER-DUNN HOMES, INC., et al., and John Does 1-10,<br><br>                Defendants.<br><br>ROBERT P. ABELE, Chapter 11 Trustee,<br><br>                Third-Party Plaintiff,<br><br>vs.<br><br>SONORAN CONCRETE, LLC, an Arizona limited liability company; GALE CONTRACTOR SERVICES, a Florida corporation; CHAS ROBERTS AIR CONDITIONING, INC., an Arizona corporation; DEL MARTENSON DEVELOPMENT CORP., an Arizona corporation; TRUSSWAY, INC. WEST, an Arizona corporation; TRIPLE S FENCE CO., an Arizona corporation; RIGGS PLUMBING, LLC, an Arizona limited liability company; ALLIANCE LUMBER, LLC, an Arizona limited liability company; KAY CONSTRUCTION, INC., an Arizona corporation, PEAK CONSTRUCTION, INC., an Arizona corporation; DIVERSIFIED ROOFING CORP., an Arizona corporation; INTEGRATED STUCCO, INC., an Arizona corporation; MITCHELL ELECTRIC CO., INC., an Arizona corporation; A COMPANY PORTABLE RESTROOMS INC., an | Chapter 11<br><br>Case No. 4-06-bk-00961-JMM<br><br>(Jointly Administered With Case Nos.:<br>4-06-bk-00962-JMM; 4-06-bk-00963-JMM;<br>4-06-bk-00964-JMM; 4-06-bk-00965-JMM)<br><br>Adversary No. 4-06-ap-00106-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**SUMMARY JUDGMENT (PARTIAL)**<br><br>**INVOLVING LIEN CLAIMANT**<br><br>**DIVERSIFIED ROOFING, INC.**<br><br>**PEAK CONSTRUCTION, INC.** |

| | |
|---|---|
| Idaho corporation; JORDAN COMPANY; PACIFIC POOLS AND SPAS, LLC, an Arizona limited liability company; MARICOPA MEADOWS HOMEOWNERS ASSOCIATION, an Arizona corporation; SANDVICK EQUIPMENT & SUPPLY CO.; ESCO ELECTRIC WHOLESALE, INC.; RDC CONSTRUCTION, INC., an Arizona corporation; DAYSPRING DEVELOPMENT, INC., an Arizona corporation; OUTDOOR ENVIRONMENTAL SYSTEMS, INC aka OES, INC. dba RAINDANCE SYSTEMS, an Arizona corporation; OHIO SAVINGS BANK, a federal savings bank; WRI INVESTMENTS III, LLC, a Washington limited liability company; ANY UNKNOWN PARTIES IN POSSESSION; UNKNOWN HEIRS AND DEVISEES OF ANY OF THE FOREGOING WHO ARE DECEASED; and ABC ENTITIES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Third-Party Defendants | ) |

## INTRODUCTION - PROCEDURE AND METHODOLOGY

The Trustee has filed motions for partial summary judgment against numerous mechanics' and materialmen's lien claimants, challenging on "statutorily deficient" or "facially inadequate" grounds, the preliminary or final recorded lien documents of such lien claimants. In some cases, the lien claimants have also filed for partial summary judgment on the same issues.

For administrative convenience, the court has dealt with each lien claimant separately, although many of the same legal issues may affect other lien claimants as well. For that reason, many of the court's discussions and analyses may be repeated in whole or in part in its various decisions. Separating the decisions, as to each lien claimant, will enable both the court and each affected party to focus on particularized issues or fact differences, and will also facilitate appellate review.

When discussing the motions for summary judgment, the court will consider the points made against the particular lien claimant, and will include the totality of challenges to the lien, whether made by the Trustee, Ohio Savings Bank ("OSB"), or WRI Investments III, LLC ("WRI"), alone or in combination with one another.

In the end, the court will have addressed all challenges to the liens presented by the motions, and will rule on each legal point. In some instances, factual issues which were unforeseen at the outset may present themselves, and if so, the court will indicate which issues are to be deferred for future hearings.

With one eye open to the appellate process, the court does not intend to combine any ruling with Rule 54(b) language, because, if further proceedings become necessary, the matter may not be ripe for final review until it is finally determined. This will save counsel and any reviewing court the expense and time in taking and deciding interlocutory appeals.

Another tool which the court will use is an appendix to each decision, which will include each lien claimant's challenged lien documents. Due to size, each appendix will be separately filed within a few days subsequent to issuance of each decision. In this way, the parties, this court, and any reviewing court will having ready access to the operative documents involving each creditor. The appendix will also include the applicable Arizona statutes.

In some instances, a mechanic's lien claimant may have responded to the Trustee's motion and countered with its own summary judgment motion or partial summary judgment motion. When this procedure has occurred, the court will also rule on those issues unless the ruling is subsumed within the main decision.

To the extent that this decision requires refinement or further clarification, the court asks that the parties first convene a status hearing with the court prior to filing further pleadings on the decided issues. In that way, all parties can arrive at a unified method to further process the issues.

The court also understands that in many instances, the parties have not attached all or each of their claimed liens or notices. This is because all or each are essentially identical and a ruling on a particular legal issue is applicable across the board. Thus, the parties have selected samples for the court's review.

As noted from the bench, the court appreciates the excellent quality of the work product and arguments presented by all attorneys in this case. As all parties can appreciate, the issues presented were not simple ones, and the issues are important to the ultimate outcome of this case. For their efforts, the court thanks counsel in clearly focusing the issues.

## WHOM THIS DECISION AFFECTS

This decision involves the allegations made against both Diversified Roofing, Inc., and Peak Construction, Inc. These entities filed joint pleadings and therefore the court will include both entities in this Memorandum Decision.

## ARIZONA LAW

In a bankruptcy case, property rights are determined by reference to state law. *Butner v. United States*, 440 U.S. 48 (1979). Bankruptcy courts have "core" jurisdiction to hear and determine issues involving the extent, validity, and priority of liens against an estate. 28 U.S.C. § 157(b)(2)(K).

Mechanics' and materialmen's liens are creatures of statute ARIZ. REV. STAT. § 33-981, *et seq.* Such statutes have existed in Arizona since statehood. *See, e.g. Arizona Eastern R.R. Co. v. Globe Hardware Co.*, 14 Ariz. 397, 400, 129 P. 1104, 1105 (1913) ("The primary object of our lien law is to insure to the laborer and materialman the payment of their accounts, and incidentally to protect the owner against the filing of liens by such persons against his property for services and material rendered and furnished the original contract."); *see also* CIVIL CODE 1913, § 3639. They exist principally to protect mechanics, materialmen, and those who furnish labor or supplies to another's land, thereby enhancing its value, from the dangers of non-payment. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, 484, 4 P.3d 1022, 1027 (App. 2000); *Hayward Lumber & Inv. Co. v. Graham*, 104 Ariz. 103, 111, 449 P.2d 31, 39 (1968). These rights are "jealously protected," *Wylie v. Douglas Lumber Co.*, 39 Ariz. 511, 515, 8 P.2d 256, 258 (1932), and when construing them the statutes must be liberally construed to effect their primary purpose. *See In re JWJ Contracting Co.*, 287 B.R. 501, 509-10 (9th Cir. BAP 2002) (construing Arizona's statutes), *aff'd.* 371 F.3d 1079 (9th Cir. 2004); *Ranch House Supply Corp. v. Van Slyke*, 91 Ariz. 177, 181, 370 P.2d 661, 664 (1962). While the statutes themselves appear, on the surface, to contain requirements which can be easily followed, the Arizona courts have held that substantial compliance with the statutes is sufficient to perfect a lien, provided that such compliance is not inconsistent with the legislative purpose. *See, e.g., Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 431, 561 P.2d 740, 755 (App.

1977); *Columbia Group, Inc. v. Jackson*, 151 Ariz. 76, 79, 725 P.2d 1110, 1113 (1986); *MLM Constr. Co. v. Pace Corp.*, 172 Ariz. 226, 229, 386 P.2d 439, 442 (App. 1992); *Peterman-Donnelly Eng'rs & Contractors Corp. v. First Nat'l Bank*, 2 Ariz. App. 321, 323, 408 P.2d 841, 843 (1966). While Arizona courts will, from time to time, describe the lien perfection process as one to be strictly followed, *see MLM Constr. Co.*, 172 Ariz. at 229, 836 P.2d at 442 (citing cases), the law's modern evolution has inevitably trended toward the substantial compliance model.

In addition to the protection of mechanics and materialmen, a secondary purpose of the law is to protect the property owner. *See, e.g., Arizona Gunite Builders, Inc. v. Continental Cas. Co.*, 105 Ariz. 99, 101, 459 P.2d 724, 726 (1969). The proper notification and recordation of a mechanic's lien serves to keep invalid or improper clouds on title from impairing an owner's rights to enjoy the benefits of ownership.

As for the specific procedure necessary for a lien claimant to perfect a lien, it must, within 20 days of first furnishing labor, professional services, materials, machinery, fixtures, or tools to the job site, prepare what is designated as a "preliminary twenty day notice" (hereinafter "preliminary 20-day notice") and serve it. ARIZ. REV. STAT. § 33-992.01. This statute was initially enacted in 1979, and has been amended five times since. Once the job is completed, the lien must be recorded within a specific period of time thereafter. ARIZ. REV. STAT. § 33-993.

Within each of these two statutes are contained numerous detailed requirements, some of which are at issue in the instant case. A copy of each of these statutes is included in the appendix to be filed.

<u>Appx. 1</u>    Challenged lien documents

<u>Appx. 2</u>    Statutes:

- Lien for labor, ARIZ. REV. STAT. § 33-981.
- Preliminary twenty day notice, ARIZ. REV. STAT. § 33-992.01
- Procedure to perfect lien, ARIZ. REV. STAT. § 33-993

## **CHALLENGES TO PEAK CONSTRUCTION'S LIEN**

The current challenges to Peak Construction's lien fall into several categories:

    A.    Failure to provide legal description in one lien claim; and

B. Preliminary 20-day notices failed to comply with font size requirements of ARIZ. REV. STAT. § 33-992.01(D);

## CHALLENGES TO DIVERSIFIED ROOFING'S LIEN

The current challenges to Diversified Roofing's lien also fall into two categories:

A. Failure to provide legal description in two preliminary 20-day notices; and

B. Preliminary 20-day notices failed to comply with font size requirements of ARIZ. REV. STAT. § 33-992.01(D).

### A. Failure to Provide Legal Description

The legal issue to be addressed here is whether certain of the claimants' liens provided "the legal description of the lands and improvements to be charged with a lien." ARIZ. REV. STAT. § 33-993(A)(1).

At the outset, it is important to note that the preliminary 20-day notice statute contains language that is broader and more forgiving. It states, at ARIZ. REV. STAT. § 33-992.01(C)(4), that the lien claimant provide to the owner and others:

> A legal description, subdivision plat, street address, location with respect to commonly known roads and other landmarks in the area or any other description of the jobsite sufficient for identification.

By the same token, if the owner is required to furnish information to a potential lien claimant, all that is required of it is to furnish information of the same type. ARIZ. REV. STAT. § 33-992.01(I)(1).

Then, when and if a lien is later filed, the lien claimant is charged with placing, in the recorded notice, "the legal description of the lands and improvements to be charged with a lien." ARIZ. REV. STAT. § 33-993(A)(1).

As a general rule, Arizona courts have construed the mechanic's lien statutes liberally, in order to accomplish their remedial purpose. *Gene McVety, Inc. v. Don Grady Homes, Inc.*, 119 Ariz. 482, 486, 581 P.2d 1132, 1136 (1978). All that is required, with respect to a legal description is substantial compliance. *Smith Pipe & Steel Co. v. Mead*, 130 Ariz. 150, 151, 634 P.2d 962, 963 (1981). This principle will not assist one who completely misses the mark, *see, e.g., id.*, but it will not penalize a party who, through another creative description, can direct an owner or interested party to the affected parcel. *See id.; see also James Weller, Inc. v. Hansen*, 21 Ariz. App. 217, 517 P.2d 1110 (1973); *Adams Tree Service, Inc. v. Transamerica Title Ins. Co.*, 20 Ariz. App. 214, 511 P.2d 658 (1973). These flexible principles do not offend the statute's purpose, which is to give notice and other information sufficient to locate and identify the affected parcel.

This premise is not altogether, nor entirely, subject to the precision focus needed to sustain a summary judgment motion. Instead, each case and description inherently lends itself to factual inquiry.

Boiled to its essence, the Trustee and OSB maintain that the term "legal description" in ARIZ. REV. STAT. § 33-993(A)(1)'s lien requirement lends itself but to a single, exact, precise and matching, perfectly correct legal description. And, if it does not do so, the lien fails.

That argument might, to some circles, have appeal, were it not for the entire body of case law surrounding the interpretation of the mechanic's lien laws, as best summed up by Judge Howard in *Lewis v. Midway Lumber*, 114 Ariz. at 431, 561 P.2d 755:

> ... the steps required by A.R.S. § 33-993 to impose the lien must be followed but in determining what these steps are the court will give the words a meaning which is reasonable, consistent with all the language used, and conducive to the purpose to be accomplished by the enactment of the statute. Thus, substantial compliance not inconsistent with the legislative purpose is sufficient. *Leeson v. Bartol, supra.*

This court must also consider the most basic of the general rules of statutory construction, codified by Arizona's legislature:

> Statutes shall be liberally construed to effect their outcomes and to promote justice.

ARIZ. REV. STAT. § 1-211(B).

7

Case 4:06-ap-00106-JMM    Doc 253    Filed 05/17/07    Entered 05/17/07 14:43:26    Desc
Main Document    Page 7 of 9

1       Within this construct, then, a court is not imbued with a roving commission to do equity, but it is required to consider the totality of the circumstances surrounding any claim of lien, always mindful of the specifics required, and the purposes to be accomplished thereby.

      In short, issues such as what constitutes a proper legal description, for lien perfection purposes, is a mixed question of fact and law. Therefore, summary judgment on such an issue is inappropriate. A trial must be had so that all relevant and material information may be fully presented by the parties and considered by the court.

      Accordingly, the partial motions for summary judgment on this issue will be denied.

### B. Font Size

      The Trustee and OSB contend that the font size of the type, on both the Diversified Roofing and Peak Construction preliminary 20-day notices, does not comply with ARIZ. REV. STAT. § § 33-992.01(D)'s mandate that certain language "be in type at least as large as the largest type otherwise on the document."

      A review of the documents prepared by both lien claimants reflects that they have complied. The warning section is not in bold typeface, nor does the statute so require. But it is in the same font as the substantive content of the rest of the document. Simply because some letters are capitalized, and some are in lower case does not offend the statutory language. The type size is consistent throughout the documents, and thus satisfies both the statute's letter and purpose.

      For this reason, the partial motions for summary judgment filed by the Trustee and OSB will also be denied on this issue.

## RULING

A separate order will be issued simultaneously with the issuance of this Memorandum Decision. FED. R. BANKR. P. 9021.

DATED this **17** day of May, 2007.

/s/ James M. Marlar
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE