**SIGNED.**

Dated: September 30, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TURNER-DUNN HOMES, INC., and others,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 4-06-bk-00961-JMM<br><br>(Jointly Administered With Case Nos.:<br>4-06-bk-00962-JMM; 4-06-bk-00963-JMM;<br>4-06-bk-00964-JMM; 4-06-bk-00965-JMM) |
| BCI BEBOUT CONCRETE, INC.,<br><br>                              Plaintiff,<br><br>vs.<br><br>TURNER-DUNN HOMES, INC., et al., and John Does 1-10,<br><br>                              Defendants. | Adversary No. 4-06-ap-00106-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**RDC CONSTRUCTION**<br><br>**ISSUES ON REMAND** |
| ROBERT P. ABELE, Chapter 11 Trustee,<br><br>                           Third-Party Plaintiff,<br><br>vs.<br><br>SONORAN CONCRETE, LLC, an Arizona limited liability company; GALE CONTRACTOR SERVICES, a Florida corporation; CHAS ROBERTS AIR CONDITIONING, INC., an Arizona corporation; DEL MARTENSON DEVELOPMENT CORP., an Arizona corporation; TRUSSWAY, INC. WEST, an Arizona corporation; TRIPLE S FENCE CO., an Arizona corporation; RIGGS PLUMBING, LLC, an Arizona limited liability company; ALLIANCE LUMBER, LLC, an Arizona limited liability company; KAY CONSTRUCTION, INC., an Arizona corporation, PEAK CONSTRUCTION, INC., an Arizona corporation; DIVERSIFIED ROOFING CORP., an Arizona corporation; INTEGRATED STUCCO, INC., an Arizona corporation; MITCHELL ELECTRIC CO., INC., an Arizona corporation; A COMPANY PORTABLE RESTROOMS INC., an | |

| | |
|---|---|
| Idaho corporation; JORDAN COMPANY; PACIFIC POOLS AND SPAS, LLC, an Arizona limited liability company; MARICOPA MEADOWS HOMEOWNERS ASSOCIATION, an Arizona corporation; SANDVICK EQUIPMENT & SUPPLY CO.; ESCO ELECTRIC WHOLESALE, INC.; RDC CONSTRUCTION, INC., an Arizona corporation; DAYSPRING DEVELOPMENT, INC., an Arizona corporation; OUTDOOR ENVIRONMENTAL SYSTEMS, INC aka OES, INC. dba RAINDANCE SYSTEMS, an Arizona corporation; OHIO SAVINGS BANK, a federal savings bank; WRI INVESTMENTS III, LLC, a Washington limited liability company; ANY UNKNOWN PARTIES IN POSSESSION; UNKNOWN HEIRS AND DEVISEES OF ANY OF THE FOREGOING WHO ARE DECEASED; and ABC ENTITIES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Third- Party Defendants. | |

Before the court are three remaining issues concerning this litigation which the Bankruptcy Appellate Panel ("BAP") has remanded for further consideration (Dkt. #462).

After discussion with the interested parties' counsel at a status hearing, all parties have concluded that no further evidentiary hearings are required, and that, upon further briefing, the remanded issues are ripe for decision.

Each interested party has now submitted additional briefs, which the court has studied. In addition, the court has again reviewed the general administrative file, with particular focus on the Trustee's liquidating plan (Adm. Dkt. #303), amended disclosure statement (Adm. Dkt. #326) and the settlement agreement between the Trustee and the various remaining mechanics and materialmen creditors, as well as Ohio Savings Bank and WRI (Adm. Dkts. #334, #354).

## THE REMAND ISSUES

The BAP's remand order required this court to answer three questions:

1. What type of claim, if any, does RDC have against the Debtors' estate?

2. What amount of unpaid interest accrued on the secured portion of RDC's claim?

3. Is RDC entitled to any attorneys' fees, as a prevailing secured party?

### Issue No. 1: What type of claim, if any, does RDC have against Debtors' estates?

The BAP has affirmed this court as to the most critical element of the RDC claim. It agreed that RDC only held a secured claim, against Parcel FF, in the amount of $10,974.73. The balance, whatever it may be, is only an unsecured claim. (*See* pp. 11-12 of BAP decision.) The principal amount of RDC's lien against Parcel FF has now been paid by the Trustee, and all that remains is to determine how much interest accrued thereon, and whether RDC is entitled to any attorneys' fees.

At this time, it is unnecessary to engage in additional legal analysis over how much of an unsecured claim RDC might have. This is because of one overriding fact--the Trustee will not make <u>any</u> distribution to unsecured creditors.

Therefore, it is a waste of time, resources and energy to decide an issue which, at this time, would appear to have no monetary value. In other words, there is currently no live issue. This satisfies the definition of mootness.

That said, in the unlikely event that the Trustee has a remaining surplus to be distributed to unsecured creditors, the court reserves jurisdiction to decide the amount of RDC's unsecured claim at that time. But it is now in the best interests of the estate to distribute the funds on hand to all classes of creditors who have priority to unsecured creditors, including the administrative expenses of this estate. That distribution will, in all probability, moot out this lingering RDC issue once and for all. And, by finalizing this judgment, will leave the RDC issue alive, but in the "objection to unsecured claim" arena.

**Issue No. 2: What amount of unpaid interest
accrued on the secured portion of RDC's claim?**

All parties agree that RDC has been paid the principal amount of its secured claim. One remaining issue is the accrued interest thereon.

RDC maintains that it is entitled to 18% simple interest per annum, pursuant to ARIZ. REV. STAT. § 32-1129.01(K). RDC computes that interest at $2,229.82.

The opposing position is that RDC is only entitled to a 10% interest rate, pursuant to its contract, and that it dates from the petition date. These parties argue that RDC is only entitled to $1,197.98.

The court agrees with RDC that the parties contracted for a default rate of 18%. Their Contract Agreement (Ex. 1 to WRI brief), at Article 4, para. 4.1.3 states:

> Payments due and unpaid . . . shall bear interest from the date payment is due at the legal rate prevailing . . . at the place where the Project is located.

While the contract does not refer to interest under any express statute, the statute cited by RDC expresses Arizona's legislative intent that contractors be paid at 18% per annum if payments are not timely paid.

What is important, however, in the context of this case, is that interest does not accrue on an unliquidated debt, until that debt is finally resolved by judgment. *Ariz. Feeds v. Southern Pacific Transp. Co.*, 21 Ariz.App. 346, 519 P.2d 199 (1974). Such was the essence of the adversary proceeding, in which RDC maintained that it held a secured claim of $819,459.38. Later, however, after a trial on the merits, that secured claim was found to be only $10,974.73. Thus, until judgment was rendered on September 4, 2007, RDC's secured claim was of an unknown and unliquidated amount. Therefore, this court finds and concludes that RDC is only entitled to interest, at 10% simple per annum, from September 4, 2007 to the present, of:

| | |
|---|---:|
| Sept. 4, 2007 - Sept. 3, 2008 | $1,975.45 |
| Sept. 4, 2008 - Sept. 30, 2008 ($5.41 per day) | 140.71 |
| | $2,116.16 |

Interest will continue to accrue at $5.41 per day, until paid. The Trustee is authorized to immediately disburse this amount to RDC.

### Issue No. 3: Is RDC entitled to any attorneys' fees, as a prevailing secured creditor?

The contract between RDC and the Debtor does not contain an explicit attorneys' fees provision, but instead generally provides that:

> The Contract shall be governed by the law of the place where the Project is located.

(Contract, Ex. 1 to WRI brief, at para. 18.2.)

In Arizona, recovery of attorneys' fees in contested contract actions is governed by ARIZ. REV. STAT. § 12-341.01. The award, under such section, is discretionary with the court, and limits such an award to what is reasonable, and further restricts the award to "the successful party."

Here, RDC sought recognition of a secured claim of $819,459.38, but after a hard fought contest and an appeal, ended up with a secured claim of only $10,974.73. By any measure, this was a resounding defeat for RDC. In no way could this result be considered that of a "successful party." Winning partial skirmishes along the way does not offset the final result.

Therefore, since RDC was not successful in achieving its ultimate goals, and instead received only a token sum, the court finds and concludes that it was not the successful party, and therefore is not entitled to any attorneys' fees under ARIZ. REV. STAT. § 12-341.01. In addition, the court finds that any attorneys' fees, for a $10,000 effort, are not reasonable under the circumstances. 11 U.S.C. § 506.

### **RDC Construction's Other Arguments**

RDC's other arguments are not relevant, as they exceed the scope of the BAP's remand order. Therefore, they are rejected.

### **CONCLUSION**

Having disposed of the remaining issues in this case, the court issues its final order herein, which is appealable within ten days. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.



COPIES served as indicated below on the date signed above:

| | |
|---|---|
| Adam B. Nach, Allison M. Lauritson and Lisa Banen<br>Lane & Nach, P.C.<br>2025 N. Third St., #157<br>Phoenix, AZ 85004<br>Email: adam.nach@azbar.org, allison.lauritson@lane-nach.com, lisa.banen@lane-nach.com<br>Attorneys for A Company Portable Restrooms | Daniel P. Collins and Margaret A. Gillespie<br>Collins, May, Potenza, Baran & Gillespie<br>2210 Chase Tower, 201 N. Central Ave.<br>Phoenix, AZ 85004-0022<br>Email: dcollins@cmpbglaw.com<br>Email: mgillespie@cmpbglaw.com<br>Attorneys for Robert P. Abele, Trustee |
| William J. Simon<br>Tiffany & Bosco<br>2525 E Camelback Rd., #300<br>Phoenix, AZ 85016-4237<br>Email: jal@tblaw.com<br>Attorneys for Alliance Lumber and Kay Construction | Don C. Fletcher<br>The Cavanagh Law Firm<br>1850 N. Central Ave., #2400<br>Phoenix, AZ 85004<br>Email: dfletcher@cavanaghlaw.com<br>Attorneys for Plaintiff BCI Bebout Concrete |
| James F. Wees<br>Wees Law Firm<br>2600 N. Central Ave., # 635<br>Phoenix, AZ 85004<br>Email: james@weeslawfirm.com<br>Attorneys for Chas Roberts Air Conditioning | Carolyn J. Johnsen<br>Jennings, Strouss & Salmon, P.L.C.<br>The Collier Center, 11th Floor<br>201 E. Washington St.<br>Phoenix, AZ 85004-2385<br>Email: cjjohnsen@jsslaw.com<br>Attorneys for Del Martenson Development |
| Michael C. Zukowski and Ernest Collins, Jr.<br>Beaugureau, Zukowski & Hancock, P.C.<br>2111 E. Highland Ave., #255<br>Phoenix, AZ 85016<br>Email: mzukowski@bzhlaw.com, ecollins@bzhlaw.com<br>Attorneys for Diversified Roofing | Rodger A. Golston<br>Golston Keister & Steen, P.C.<br>4500 S. Lakeshore Dr., #570<br>Tempe, AZ 85282-7057<br>Email: rag@gkshlaw.com<br>Attorneys for Gale Contractor Services |
| William Novotny and Robert A. Shull<br>Mariscal, Weeks, McIntyre & Friedlander<br>2901 N. Central Ave., #200<br>Phoenix, AZ 85012-2705<br>Email: william.novotny@mwmf.com,rob.shull@mwmf.com<br>Attorneys for Integrated Stucco | John D. Parker, II<br>Parker Law Firm, PLC<br>141 E. Palm Ln., #111<br>Phoenix, AZ 85004<br>Email: jparker@ptlaw.net<br>Attorneys for Jordan Company |
| James H. Hazlewood<br>Carpenter, Hazlewood, Delgado & Wood PLC<br>1400 E. Southern Ave., #640<br>Tempe, AZ 85282<br>Email james.hazlewood@carpenterhazlewood.com<br>Attorneys for Maricopa Meadows Homeowners Association | Robert P. Harris<br>Quarles & Brady LLP<br>Two N. Central Ave., #200<br>Phoenix, AZ 85004<br>Email: rharris@quarles.com<br>Attorneys for Mitchell Electric |
| Joshua W. Wolfshohl<br>Porter & Hedges LLP<br>1000 Main St., 36th Floor<br>Houston, TX 77002<br>Email: jwolfshohl@porterhedges.com<br>Attorneys for Mitchell Electric | Howard C. Meyers<br>Burch & Cracchiolo, P.A.
702 E. Osborn, #200<br>Phoenix, AZ 85014<br>Email: hmeyers@bcattorneys.com<br>Attorneys for New Century Holdings |

| | |
|---|---|
| Gregory P. Gillis<br>Jaburg & Wilk PC<br>14500 N. Northsight Blvd.., #116<br>Scottsdale, AZ 85260<br>Email: gpg@jaburgwilk.com<br>Attorneys for Pacific Pools and Spas | Steven M. Cox<br>Waterfall Economidis Caldwell Hanshaw & Villamana,<br>5210 E. Williams Cir., #800<br>Tucson, AZ 85711<br>Email smcox@wechv.com<br>Attorneys for RDC Construction |
| Christopher J. Berry<br>Berry and Associates<br>101 N. First Ave., #1800<br>Phoenix, AZ 85003<br>Email: cberry@berryandassoc.com<br>Attorneys for Riggs Plumbing | Bradley Pack<br>Engelman Berger, PC<br>3636 N. Central Ave., Suite 700<br>Phoenix, AZ 85012-1936<br>Email:bdp@engelmanberger.com |
| Ryan Christopher Skiver<br>Britt Law Group PC<br>2525 E. Camelback Rd., #900<br>Phoenix, AZ 85016<br>Email: rskiver@brittlawgroup.com<br>Attorneys for Triple S Fence Co. | Gary V. Ringler<br>7303 W. Boston St.<br>Chandler, AZ 85226<br>Email: garyvringler@earthlink.net<br>Attorneys for Trussway, Inc. West |
| Steve A. McQueen<br>Pagel, Davis & Hill, P.C.<br>1415 Louisiana, 22nd Floor<br>Houston, TX 77002<br>Email: dam@pdhlaw.com<br>Attorneys for Trussway, Inc. West | Ari Ramras<br>Ramras Law Office, P.C.<br>5060 N. 40th St., #103<br>Phoenix, AZ 85018<br>Email ari@ramraslaw.com<br>Attorneys for WRI Investments and Ohio Savings Bank |
| Joseph E. Cotterman, Jaclyn D. Malka, Thomas A. Maraz<br>Gallagher & Kennedy, P.A.<br>2575 E. Camelback Rd.<br>Phoenix, AZ 85016-9225<br>Email: jec@gknet.com, jaclyn.malka@gknet.com,<br>tam@gknet.com<br>Attorneys for WRI Investments, Ohio Savings Bank | Scott B. Cohen<br>Engelman Berger, P.C.<br>3636 North Central Avenue, Suite 700<br>Phoenix, AZ 85012<br>Email: sbc@engelmanberger.com<br>Attorneys for WRI Investments III |
| Kevin J. Blakley<br>Gammage & Burnham, P.L.C.<br>Two N. Central Ave., 18th Floor<br>Phoenix, AZ 85004<br>Email: kblakley@gblaw.com<br>Attorneys for Ohio Savings Bank | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706<br>U.S. Mail |
| Cary S. Forrester<br>Forrester & Worth, PLLC<br>3636 North Central Avenue, Suite 700<br>Phoenix, AZ 85012-1927<br>Email: S.Forrester@azbar.org | Alan A. Meda<br>Stinson Morrison Hecker, LLP<br>1850 N. Central Ave., Suite 2100<br>Phoenix, AZ 85004-4584<br>Email: ameda@stinsonmoheck.com |

By /s/ M. B. Thompson
    Judicial Assistant